IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

| | |
|---|---|
| AM/NS CALVERT LLC, | |
| Plaintiff, | |
| v. | Court No. 21-00005 |
| UNITED STATES, | |
| Defendant. | |

# ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 constitute plaintiff's argument, characterization of its case, and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denies.

2. The allegations contained in paragraph 2 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, admits the contents of the partial

quotation to the extent supported by the statute cited, which is the best evidence of its contents; otherwise denies.

3. Admits the allegations contained in paragraph 3 to the extent supported by the Presidential Proclamations cited, which are the best evidence of their contents; otherwise denies.

4. Admits the allegations in paragraph 4 to the extent supported by the Presidential Proclamation cited, which is the best evidence of its contents; otherwise denies.

5. Admits the allegations in paragraph 5 to the extent supported by the Presidential Proclamation cited, which is the best evidence of its contents; otherwise denies.

6. Admits the allegations in paragraph 6 to the extent supported by the Federal Register notices cited, which are the best evidence of their contents; otherwise denies.

7. Admits the allegations in paragraph 7 to the extent supported by the Federal Register notice cited, which is the best evidence of its contents; otherwise denies.

8. The allegations contained in paragraph 8 constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, denies.

9. Denies the allegations contained in paragraph 9 for lack of knowledge or information sufficient to form a belief as to their truth.

10. Denies the allegations contained in the first and second sentences of paragraph 10 for lack of knowledge or information sufficient to form a belief as to their truth. The allegations contained in the third sentence of paragraph 10 constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, denies for lack of knowledge sufficient to form a belief as to their truth.

11. Admits the allegations in the first and second sentence of paragraph 11 to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies. The allegations contained in the third sentence of paragraph 11 constitute plaintiff's argument and characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, denies.

12. Admits the allegations contained in the first sentence of paragraph 12 to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies. The allegations contained in the second sentence of paragraph 12 constitute plaintiff's argument to which no answer is required; to the extent they may be deemed allegations of fact, admits to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies. Admits the allegations contained in the third sentence of paragraph 12 to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies. The allegations contained in the fourth sentence of paragraph 12 constitute plaintiff's argument and characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, admits to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies.

13. Admits that the Department of Commerce denied Calvert's requests; the remainder of the allegations in paragraph 13 constitute plaintiff's argument and characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, admits

to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies.

14. The allegations contained in paragraph 14 constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, denies for lack of knowledge or information sufficient to form a belief as to their truth.

15. The allegations contained in paragraph 15 constitute plaintiff's argument, characterization of its case, and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denies.

16. The allegations contained in paragraph 16 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denies.

17. The allegations contained in paragraph 17 constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, admits to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies for lack of knowledge or information sufficient to form a belief as to their truth.

18. Denies the allegations contained in paragraph 18 for lack of knowledge or information sufficient to form a belief as to their truth.

19. The allegations contained in paragraph 19 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denies.

20. The allegations contained in paragraph 20 constitute conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, denies.

21. The allegations contained in the first sentence of paragraph 21 and accompanying citation constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, admits to the extent supported by the statute cited, which is the best evidence of its contents; otherwise denies. The allegations contained in the second sentence of paragraph 21 constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, denies. Admits the allegations contained in the third sentence of paragraph 21 and accompanying

citation to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies. The allegations contained in the fourth sentence of paragraph 21 and accompanying citation constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, admits the date of the publishing of the first decision memorandum to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies. Admits the allegations contained in the fifth sentence of paragraph 21 and accompanying citation to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies. The allegations contained in the sixth sentence of paragraph 21 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denies.

22. Admits the allegations in paragraph 22 to the extent supported by the statute cited, which is the best evidence of its contents; otherwise denies.

23. Admits the allegations in paragraph 23 to the extent supported by the Presidential Proclamations cited, which are the best evidence of their contents; otherwise denies.

24. Admits the allegations in paragraph 24 to the extent supported by the Presidential Proclamation cited, which is the best evidence of its contents; otherwise denies.

25. Admits the allegations in paragraph 25 to the extent supported by the Federal Register notices and regulation cited, which are the best evidence of their contents; otherwise denies.

26. Admits the allegations in paragraph 26 to the extent supported by the Federal Register notice and regulation cited, which are the best evidence of their contents; otherwise denies.

27. Admits the allegations in paragraph 27 to the extent supported by the Federal Register notice and regulation cited, which are the best evidence of their contents; otherwise denies.

28. The allegations contained in paragraph 28 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, admits to the extent supported by

the Federal Register notice and regulation cited, which are the best evidence of their contents; otherwise denies.

29. Admits the allegations contained in paragraph 29 to the extent supported by the Federal Register notice and regulation cited, which is the best evidence of its contents; otherwise denies.

30. Admits the allegations contained in paragraph 30 to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies.

31. Admits the allegations contained in paragraph 31 to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies.

32. The allegations contained in paragraph 32 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, admits to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies.

33. Admits the allegations contained in the first and second sentences of paragraph 33 to the extent supported by the administrative record, which is the best evidence of its contents;

otherwise denies. The allegations contained in the third sentence of paragraph 33 constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, admits to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies. Admits the allegations in the fourth sentence of paragraph 33 to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies.

34. The allegations contained in the first, third, fourth, and fifth sentences of paragraph 34 and accompanying citations constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, admits to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies. Admits the allegations contained in the second sentence of paragraph 34 to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies.

35. Admits the allegations contained in the first sentence of paragraph 35 to the extent supported by the administrative record,

which is the best evidence of its contents; otherwise denies. The allegations contained in the second sentence of paragraph 35 constitute plaintiff's arguments and characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, admits to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies. The allegations contained in the third and fourth sentences of paragraph 35 constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, admits to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies.

36. Admits the allegations contained in the first sentence of paragraph 36 to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies. The allegations contained in the second and third sentences of paragraph 36 and accompanying citations constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegation of fact, admits to the extent

supported by the administrative record, which is the best evidence of its contents; otherwise denies.

37. The allegations contained in the first sentence of paragraph 37 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, admits to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies. The allegations contained in the second sentence of paragraph 37 and accompanying citation constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, admits to the extent supported by the regulation cited; otherwise denies.

38. The allegations contained in the first sentence of paragraph 38 constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, admits to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies. Admits the allegations contained in the remainder of paragraph 38 to the extent supported by

the administrative record, which is the best evidence of its contents; otherwise denies.

40. The allegations contained in paragraph 39 constitute plaintiff's arguments and characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, admits to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies.

40. The allegations contained in paragraph 40 constitute plaintiff's arguments and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denies.

41. The allegations contained in the first sentence of paragraph 41 constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, denies for lack of knowledge sufficient to form a belief as to their truth. The allegations contained in the second sentence of paragraph 41 and accompanying citation constitute plaintiff's argument, characterization of its case, and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, admits to the extent supported by the decision cited, which is the best evidence of its

13

contents; otherwise denies. The allegations contained in the third sentence of paragraph 41 constitute plaintiff's argument and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, admits to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies.

42. Admits to the existence of the GAO report cited and to the contents of the report to the extent supported by the report itself, which is the best evidence of its contents; the remainder of the allegations contained in the first and second sentences of paragraph 42 constitute plaintiff's arguments and characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, denies. The allegations contained in the third sentence of paragraph 42 constitute plaintiff's argument and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denies.

43. Admits the existence of the memorandum cited in paragraph 43 and that the block quotation is an accurate, partial quotation from the memorandum cited; otherwise denies.

44. The allegations contained in the first three sentences of paragraph 44 and accompanying citations constitute plaintiff's arguments and characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, denies. Admits the allegations contained in the fourth sentence of paragraph 44 and accompanying citations to the extent supported by the cases cited, which are the best evidence of their contents; otherwise denies.

45. The allegations contained in paragraph 45 constitute plaintiff's argument and characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, denies.

46. Defendant incorporates its responses to paragraphs 1 through 45 of the complaint by reference.

47. Admits the allegations in paragraph 47 to the extent supported by the statute cited, which is the best evidence of its contents; otherwise denies.

48. The allegations contained in paragraph 48 constitute plaintiff's argument and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denies.

49. The allegations contained in paragraph 49 constitute plaintiff's argument and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denies.

50. Defendant incorporates its responses to paragraphs 1 through 45 of the complaint by reference.

51. The allegations contained in paragraph 51 constitute plaintiff's argument and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denies.

52. The allegations contained in paragraph 52 constitute plaintiff's argument and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denies.

53. Defendant incorporates its responses to paragraphs 1 through 45 of the complaint by reference.

54. The allegations contained in paragraph 54 constitute plaintiff's argument and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denies.

55. Denies that the plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 54, or to any relief whatsoever.

56. Denies each and every allegation not previously admitted, denied, or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

    Respectfully submitted,

    BRIAN M. BOYNSTON
    Acting Assistant Attorney
    General

    JEANNE E. DAVIDSON
    Director

    /s/Tara K. Hogan
    TARA K. HOGAN
    Assistant Director

    /s/ Kyle S. Beckrich
    KYLE S. BECKRICH
    Trial Attorney
    Department of Justice
    Civil Division
    Commercial Litigation Branch
    P.O. Box 480,
    Ben Franklin Station
    Washington, D.C. 20044
    Tel.: (202) 616-9322
    Email: Kyle.Beckrich@usdoj.gov

Dated: May 19, 2021    Attorneys for Defendant