IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

| | | |
|---|---|---|
| CALIFORNIA STEEL INDUSTRIES, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Court No. 21-00015 |
| UNITED STATES, | ) ) ) | |
| Defendant. | ) ) | |

| | | |
|---|---|---|
| AM/NS CALVERT LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Court No. 21-00005 |
| UNITED STATES, | ) ) ) | |
| Defendant. | ) ) ) | |

| | |
|---|---|
| VALBRUNA SLATER STAINLESS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES, )<br>)<br>Defendant. )<br>) | Court No. 21-00027 |

# DEFENDANT'S RESPONSE TO THE COURT'S MAY 5, 2022 ORDER

Pursuant to the Court's May 5, 2022, Order, defendant, the United States, respectfully submits the following responses:

**Question:** If the court concludes that Plaintiffs' claims as to their liquidated entries are *not* moot, can and should the court certify the mootness question for interlocutory appellate review under 28 U.S.C. § 1292(d)(1) while Plaintiffs' nonliquidated claims are either litigated in this court or remanded to Commerce?

**Answer**:

If the Court finds that Plaintiffs' claims are not moot, there is likely a question that would meet the statutory standard for interlocutory appeal, that is, "a controlling question of law … involved with respect to which there is a substantial ground for difference of opinion and … an immediate appeal ... may materially advance the ultimate determination of the litigation...." 28 U.S.C. § 1292(d)(1).

However, we cannot yet take a position on whether the Court should certify the mootness question for interlocutory appeal. After receiving a decision from this Court, the Department of Justice, in

coordination with its client agencies, would have to review the Court's ruling, and consider at that time whether to seek interlocutory review, which we can only do with authorization from the Solicitor General.

**Question**: If the court concludes that Plaintiffs' claims as to their liquidated entries *are* moot and accordingly dismisses those claims for lack of a justiciable controversy, can and should the court enter partial final judgment as to those claims under USCIT R. 54(b) in the cases with both liquidated and nonliquidated entries, without regard to whether the court remands as to Plaintiffs' nonliquidated entries? Alternatively, if entry of a partial final judgment is impermissible under Rule 54(b), can and should the court certify the mootness question for interlocutory appellate review under 28 U.S.C. § 1292(d)(1)?

**Answer**:

All of Calvert's entries have finally liquidated. The majority of CSI's and Valbruna's entries have finally liquidated. Neither we nor the Court know which of CSI's and Valbruna's entries correspond with the merchandise identified in their exclusion requests. CSI and Valbruna would have to inform the Court as to which exclusion requests have no unliquidated entries associated with them.

Assuming that information was provided, and if there are no unliquidated entries with respect to a particular denied exclusion request, partial final judgment on those claims under USCIT Rule 54(b) would be appropriate. Partial final judgment would provide CSI and Valbruna an adequate vehicle to appeal the decision, should they wish to do so, without relying upon the discretionary nature of 28 U.S.C. § 1292(d)(1). If, however, the Court finds that Rule 54(b) would be impermissible, then, as explained above, we agree that the mootness question would appear to meet the statutory standard for interlocutory appeal.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney
General

PATRICIA M. McCARTHY
Director

/s/ TARA K. HOGAN
Assistant Director

/s/ Ann C. Motto
/s/ Kyle S. Beckrich
Trial Attorneys
Department of
Justice
Civil Division
Commercial Litigation Branch
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Tel.: (202) 353-7968
Email: Ann.C.Motto@usdoj.gov

Dated: May 13 2022                Attorneys for Defendant